KRAKOWER v. KRAKOWER.

(Supreme Court, Appellate Division, Second Department.   January 9, 1903.)

1. CONVERSION—CHECK—EVIDENCE—SUFFICIENCY.
      Plaintiff gave defendant a check to deposit for collection.   It came back
   unpaid, and he returned it to plaintiff.   Suit was brought against the
   drawer in the name of defendant, plaintiff, however, securing bondsmen,
   and selecting the attorneys who took possession of the check.   After this
   suit was commenced, defendant refused to proceed therewith, testifying
   that he did not know a suit had been commenced in his name till he was
   so informed by the attorney of defendant in that suit, and that he sup-
   posed, when he verified the complaint, that he was signing a bond for
   plaintiff, which he often did.   After defendant's refusal to continue the
   action, plaintiff demanded the check, which was then in possession of
   attorneys acting for plaintiff, but no demand was made that defendant
   should sever his nominal connection with the suit on the check.   Defend-
   ant asked the attorney of defendant in that suit to stop it, but did not
   assign the check to him.   *Held* not sufficient to show defendant guilty
   of conversion of the check.

Appeal from municipal court of city of New York.
   Action by Henry Krakower against Tobias Krakower.   From a
judgment for plaintiff, defendant appeals.   Reversed.
   Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Samuel I. Frankenstein, for appellant.
Charles C. Peters, for respondent.

HIRSCHBERG, J.   The suit is to recover $168 damages for the
alleged conversion by the defendant of a check for that amount, made
by Abraham Tauber to the plaintiff's order.   While it is possible that
the conduct of the defendant in connection with the check may
amount to a conversion, I do not think the proof, as presented by
the record, will justify a judgment to that effect.   The undisputed
facts are as follows:   When the plaintiff received the check he gave
it to the defendant, with the request that the latter deposit it for
collection.   The defendant did run it through his bank, and it came
back unpaid, whereupon he returned it to the plaintiff, and never
after had possession of it; nor did he see it again until it was pro-
duced on the trial by the plaintiff's attorneys and read in evidence.
An action was then brought against Tauber in the name of the de-
fendant.   The complaint was verified by the defendant, and he also
executed a bond, which was subsequently required, the plaintiff, how-
ever, furnishing the sureties.   The plaintiff selected his own attor-
neys, viz., the firm of Krakower & Peters, to act as the attorneys
for the defendant herein as plaintiff in that suit, but the firm re-
fused to act in that capacity because they had an important action
then pending for Tauber's brother, and at the plaintiff's suggestion
the firm of Goldberg & Sloman was engaged as plaintiff's attorneys
in the suit upon the check.   Messrs. Krakower & Peters prepared
the complaint, and turned it over to Goldberg & Sloman with the
check, which they had received from the plaintiff herein.   The check
remained in the possession of Goldberg & Sloman from that time

until the day of trial, when they produced and delivered it to the plaintiff's attorneys for use as evidence. In the Tauber suit the firm of Sulzer, Mandel & Frankenstein, the attorneys for the defendant herein, appeared as defendant's attorneys, and shortly after the action was at issue Mr. Edward Mandel, of that firm, wrote a letter to Messrs. Goldberg & Sloman as follows:

"You will please take notice that I am now the owner of all title and interest of the plaintiff, Tobias Krakower, in the suit of Tobias Krakower vs. Abraham Tauber, now pending in the city court of the city of New York, by assignment of the plaintiff to me, as well as of the c'aim on which said suit is founded. I direct you to take no further proceedings herein, and I demand that all papers in said suit be at once turned over to me. I further notify you that Tobias Krakower never authorized or engaged you to act as attorneys for him in the suit, and, unless this request is at once complied with, I shall make the necessary motions herein."

The action against Tauber is still pending, but nothing further was done in it after the receipt of the letter from Mr. Mandel. The plaintiff saw the defendant in reference to the letter, but got no satisfactory explanation of it from him, and the plaintiff's attorneys wrote to him twice without eliciting an answer. A demand was made by the plaintiff of the defendant for a return of the check, but the demand was, of course, futile, as the check was then, to the plaintiff's knowledge, in the possession of Goldberg & Sloman, and that firm was acting really in the interests of the plaintiff, although nominally, and only nominally, as attorneys for the defendant. There was no demand made upon the defendant to do anything by which the plaintiff could obtain more absolute control of the suit against Tauber, or to release that suit from his (the defendant's) nominal connection with it, and of course no refusal upon the defendant's part to comply with such demand. The defendant denied that he knew that a suit had been begun in his name until he was informed of the fact by Mandel; asserted that he could neither read nor write English; that he supposed, when he verified the complaint, that he was signing a bond for the plaintiff, which he often did; and admitted that when he learned that the action was pending in his name he at once repudiated it, and did what he could to have it stopped. Conceding that he was in a position which, by conduct inimical to the rights and interests of the plaintiff in the check and in the action brought for its recovery, would render him liable as for a conversion, the proof fails to clearly establish such conduct. He did not assign the check or the cause of action to Mandel. The latter claims to have some document signed by him in reference to the matter, but it was not produced upon the trial, nor was it called for. He did ask Mandel to stop the lawsuit, and some confused evidence appears on the subject of an attempted arbitration which he instigated, but which proved abortive; but nothing, as I have said, which clearly indicates either a hostile exercise of dominion over the check to the exclusion of the plaintiff's claim or a refusal to restore to the plaintiff such control over either the check or the suit as was within his power, one or the other of which would seem to be essential to conversion. On the other hand, his conduct is at least equally as consistent with his claim as it is with the claim of conversion, viz., that he was ignorant

of the fact that the lawsuit had been brought in his name, and that when he discovered that it had been he did what he did in order to get out of it, rather than for the purpose of depriving the plaintiff of the check, or of the means of collecting it.   The judgment should be reversed, and a new trial ordered.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event.  All concur.